# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

LISA MARIE WILLIAMS,

        Plaintiff,

v.

CAROLYN W. COLVIN. Commissioner of Social Security, [1]

        Defendant.

Case No. 3:13-cv-05037-BHS-KLS

REPORT AND RECOMMENDATION

Noted for January 24, 2014

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On October 10, 2006, plaintiff filed an application for disability insurance benefits, alleging disability as of June 30, 2005, due to fibromyalgia, severe pain, irritable bowel

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit. **The Clerk of Court is directed to update the docket accordingly.**

REPORT AND RECOMMENDATION - 1

syndrome, and rhabdomyolysis. See ECF #12, Administrative Record ("AR") 98, 240. That application was denied upon initial administrative review on February 9, 2007, and on reconsideration on June 19, 2007. See AR 98. A hearing was held before an administrative law judge ("ALJ") on May 21, 2009, at which plaintiff, represented by counsel, appeared and testified, and at which a vocational expert also appeared. See id. In a decision dated July 24, 2009, the ALJ determined plaintiff to be not disabled. See AR 98-104.

On July 13, 2010, plaintiff's request for review of the ALJ's decision was granted by the Appeals Council, which remanded the matter for further administrative proceedings. See AR 105-08. A second hearing was held on February 11, 2011, before a different ALJ, at which plaintiff, represented by counsel, appeared and testified, as did a different vocational expert. See AR 31-91. In a decision dated June 14, 2011, that ALJ also determined plaintiff to be not disabled. See AR 12-24. Plaintiff's request for review of that decision was denied by the Appeals Council on November 29, 2012, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; see also 20 C.F.R. § 404.981.

On January 23, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3. The administrative record was filed with the Court on April 16, 2013. See ECF #12. The parties have completed their briefing, and thus this matter is now ripe for the Court's review. Plaintiff argues the ALJ's decision should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in failing to find plaintiff has a medically determinable impairment consisting of fibromyalgia; (2) in discounting plaintiff's credibility; (3) in rejecting the opinions of Paul B. Nutter, M.D.; and (4) in failing to include in his assessment of plaintiff's residual functional capacity all of the functional limitations found by Dr. Nutter and William

REPORT AND RECOMMENDATION - 2

Hiltz, M.D. For the reasons set forth below, the undersigned finds the ALJ erred by failing to adequately explain why he did not adopt all of the functional limitations assessed by Dr. Hiltz – and thus in assessing plaintiff's RFC – and therefore in determining her to be not disabled. Also for the reasons set forth below, however, while the undersigned recommends that defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld.

REPORT AND RECOMMENDATION - 3

Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id. It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The second ALJ in this case found plaintiff had the residual functional capacity:

> **. . . to perform light work . . . except: pushing/pulling is unlimited, other than the lifting and carrying limitations associated with light work. She can frequently balance, stoop, knee[l], and crouch, and climb ramps and stairs. She can frequently handle and finger bilaterally.**

AR 17 (emphasis in original). As pointed out by plaintiff, in assessing the above RFC the ALJ failed to discuss, or even mention, the functional assessment provided by Dr. Hiltz, which reads as follows:

> . . . The claimant states that she is capable of managing her own funds. Her mental status supports that.
>
> I believe the claimant has the ability to perform simple and repetitive tasks, and probably detailed and complex tasks as well. This is demonstrated by her current mental state.
>
> She is extremely pleasant to get along with and I believe the claimant can accept instructions from supervisors and work well with coworkers and the public.
>
> From a psychiatric standpoint, I believe the claimant can perform work activities on a consistent basis and would not need any kind of special or additional supervision.
>
> From a purely psychiatric standpoint, I believe the claimant could attend a job regularly, and complete a normal workday/workweek without interruptions from a psychiatric condition.
>
> I believe the claimant would be able to deal with the usual stress encountered in a competitive workplace if she was not in so much physical pain.

AR 529. The undersigned agrees with plaintiff that the ALJ erred in failing to consider this last statement by Dr. Hiltz concerning the functional impact of her pain.

The ALJ is responsible for determining credibility and resolving ambiguities and

REPORT AND RECOMMENDATION - 5

conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981);

REPORT AND RECOMMENDATION - 6

Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Defendant argues the ALJ properly considered the opinion of Dr. Hiltz in finding she did not have a severe medical determinable mental impairment. It is true that in so finding, the ALJ stated Dr. Hiltz's psychiatric examination was largely consistent with "no more than mild limitations" in mental functioning. AR 16. But the ALJ did not at all touch on Dr. Hiltz's statement concerning the impact of plaintiff's physical pain. Defendant argues there is no error in the ALJ's failure to address that statement, because Dr. Hiltz did not conduct a physical examination and therefore simply took plaintiff's self-reporting to be true.[3] But it is not all clear that Dr. Hiltz relied entirely on plaintiff's own reporting, as he himself noted her to be "walking very stiffly with a slight shuffling gait" during his evaluation. AR 527.

---

[3] See Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 601 (9th Cir. 1999) (opinion of physician premised to large extent on claimant's own accounts of her symptoms and limitations may be disregarded where those complaints have been properly discounted).

REPORT AND RECOMMENDATION - 7

As a licensed medical doctor, furthermore, Dr. Hiltz is qualified to opine as to both plaintiff's mental and physical impairments and limitations.[4] In addition, even if defendant is correct that the lack of a physical examination is a proper basis for rejecting Dr. Hiltz's statement concerning the impact of plaintiff's pain, it is the ALJ rather than the Court that should make that determination in the first instance.[5] Defendant goes on to argue Dr. Hiltz's statement "is not a medical opinion that [plaintiff] suffered from so much pain that she was unable to work." ECF #18, pp. 9-10. Clearly, though, Dr. Hiltz believed plaintiff's pain was significant enough to interfere with her ability to deal with the usual stress encountered in a competitive workplace, and as such would likely have at least some impact on her ability to maintain employment, which the ALJ apparently did not take into consideration in assessing her RFC.[6]

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

---

[4] See Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (rejecting assumption that psychiatric evidence must be offered by board-certified psychiatrist, as under general principles of evidence law, primary care physician was qualified to give medical opinion on claimant's mental state as it related to her physical disability).

[5] See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's decision based on evidence ALJ did not discuss).

[6] Defendant argues as well that "a doctor's statement that a claimant is unable to work is not a medical opinion because it addresses the ultimate issue of disability, an issue reserved to the Commissioner." ECF #18, p. 10, n.3. But Dr. Hiltz did not actually opine that plaintiff could not perform any work, but rather merely that she would have difficulty handling normal stress encountered in a competitive workplace. Further, even if Dr. Hiltz's opinion here potentially amounts to an ultimate opinion regarding disability in regard to which no special deference is warranted, this too is an issue best suited for the ALJ to deal with in the first instance, and not the Court.

REPORT AND RECOMMENDATION - 8

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because as discussed above issues still remain with respect to the impact of plaintiff's pain on her ability to handle work stress – and accordingly both her own past relevant and other work in general – remand for further consideration thereof is warranted.

Plaintiff argues the opinion of Dr. Hiltz concerning the impact of plaintiff's pain should be credited as true in light of the ALJ's failure to address it. The undersigned disagrees. It is true that where the ALJ has failed "to provide adequate reasons for rejecting the opinion of an examining physician," that opinion generally is credited "as a matter of law." Lester, 81 F.3d at 834 (citation omitted). However, where the ALJ is not required to find the claimant disabled on crediting of evidence, this constitutes an outstanding issue that must be resolved, and thus the Smolen test will not be found to have been met. Bunnell v. Barnhart, 336 F.3d 1112, 1116 (9th Cir. 2003). "In cases where the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence," furthermore, the Ninth Circuit "consistently [has] remanded for further proceedings rather than payment of benefits." Bunnell, 336 F.3d at 1116.

REPORT AND RECOMMENDATION - 9

Here, although the ALJ did not address Dr. Hiltz's statement concerning the impact of plaintiff's pain on her functioning, he did discuss medical and other evidence in the record that does not necessarily support that statement. See AR 18-22. Accordingly, it is not at all clear at this time that the ALJ would be required to adopt it. Nor to the extent that the record ultimately supports Dr. Hiltz's statement, does there appear to have been any vocational expert testimony addressing it. As such, the undersigned declines to apply the credit as true rule in this case.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **January 24, 2014**, as noted in the caption.

DATED this 9th day of January, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10